## McREE *v.* MEXICAN GULF OIL AND MINERAL CO.

The petition set forth a cause of action as against the general demurrer, and was not subject to any of the objections set up in the special demurrer.

Submitted July 18, 1906.—Decided January 17, 1907.

Complaint. Before Judge Harrell. City court of Bainbridge. December 18, 1905.

The Mexican Gulf Oil and Mineral Company, a corporation, sued J. S. McRee and W. W. Collier, alleging, that McRee was president and Collier treasurer of the plaintiff company; that on March 18, 1905, there was deposited in the First National Bank of Bainbridge, Ga., $2,403.73, the property of the plaintiff, which fund was subject only to the joint check of McRee, as president, and Collier, as secretary; that the defendants, as officers of the corporation, owed a duty to exercise ordinary care and diligence in protecting the funds of the company and seeing that they were applied only to a proper corporate purpose; that they failed to exercise such care and diligence, and jointly withdrew all the funds, without the purpose of applying them to any authorized object, and did not apply them to any purpose authorized by law or by the plaintiff, and have failed and refused to repay them. The petition concludes with a prayer for process and judgment. The defendant McRee interposed a general demurrer, and also a special demurrer upon the fol-

lowing grounds: The petition fails to show any joint application of the funds withdrawn, or any community of interest; or the time, place, or manner in which they were illegally withdrawn; no bill of particulars is attached to the petition; in what the failure to exercise ordinary diligence consisted is not set forth; the object for which the funds were withdrawn is not alleged; wherein the withdrawal is illegal is not set forth; there is no allegation of any demand to replace the funds, or when, or by whom, the demand was made; it can not be determined from the petition whether the action is ex contractu or ex delicto; there is a misjoinder of parties; the defendants are sued as officers and not as individuals and joint tort-feasors; the suit is for money under an implied contract, and for damages resulting from a breach of contract; there is a misjoinder of causes of action; the suit is brought in the name of the corporation, when it should be brought in the name of the stockholders; the petition is in other respects vague, uncertain, and indefinite. The demurrer was overruled, and McRee excepted.

*John R. Wilson,* for plaintiff in error.

*Russell & Hawes,* contra.

COBB, P. J. When the averments of the petition are taken as a whole, they are, in effect, that the defendants were officers of a corporation and were charged with a joint duty of seeing that the funds of the corporation, in a given bank, were withdrawn only for proper corporate purposes. If they withdrew the funds for any other purpose, a breach of duty immediately arose; the funds, although in their actual possession, were wrongfully there; and the corporation had the right to compel them to restore the funds to it or its depositary. The petition distinctly alleges that the withdrawal was not for any lawful purpose, nor for any purpose authorized by the corporation. A definite breach of duty is alleged, and this breach was the joint act of the two officers; for, under the averments of the petition, the money could not be withdrawn from the bank except by the joint authority of the two officers. The corporation was entitled to have the money remain in the bank until withdrawn for its use, and, when wrongfully withdrawn, was entitled to have it restored to its depositary or to its own possession; and there is a definite allegation that these officers, who had so wrongfully withdrawn the funds, have failed and refused to repay

the same. The petition, as against the general demurrer, certainly set forth a cause of action.

We do not think it is subject to any of the grounds set up in the special demurrer. The corporation was the owner of the funds, and therefore the suit was properly brought in its name. It is immaterial what disposition has been made of the funds by the two officers, so long as it appears that they have not been applied to any lawful corporate purpose. They may have used the fund themselves, or they may have misapplied it in some other way; but the disposition made of the money by them, whatever it may have been, does not affect their liability to repay the same to the corporation in the event that the corporation has not received the benefit of the disbursement. It was not necessary to set forth in detail the manner in which the funds were withdrawn. Whether they were withdrawn at one time in one check, or at various times in a number of checks, is immaterial so long as the entire amount withdrawn was wrongfully withdrawn and wrongfully withheld The averments in the petition were sufficient to call for an answer from the defendants as to their reasons for the withdrawal and their failure or refusal to repay the amount withdrawn.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*